Ronald S. Caswell (Cal. Bar No. 161113)
rscaswell@sbcglobal.net
CASWELL & CANNON
1625 Warnall Avenue, Suite 100
Los Angeles, California 90024
Telephone: (310) 282-8150
Facsimile: (310) 282-8140

*Attorneys for Plaintiff*

Don A. Hernandez (Cal. Bar No. 125119)
Don_Hernandez@gshllp.com
Cristina D. Hernandez (Cal. Bar No. 283500)
Cristina_Hernandez@gshllp.com
GONZALEZ SAGGIO & HARLAN LLP
2 North Lake Avenue, Suite 930
Pasadena, CA 91101
Telephone:  (626) 440-0022
Facsimile:   (626) 792-1718

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CITY OF LOS ANGELES, LOS ANGELES FIRE & POLICE PENSION *ex rel* MARCELLUS TAYLOR,<br><br>Plaintiff,<br><br>vs.<br><br>DEUTSCHE BANK, AG, *et al.*,<br><br>Defendants. | CASE NO. 2:15-cv-05343-RGK-RAOx<br><br>**RULE 26(f) JOINT SCHEDULING REPORT**<br><br>Judge:   Hon. R. Gary Klausner<br>Date:    November 23, 2015<br>Time:    9:00 a.m.<br>Ctrm:    850 |

Under Federal Rule of Civil Procedure 26(f), Civil Local Rule 26-1, and the August 13, 2015 Order Setting Scheduling Conference (Dkt. No. 20), the parties have conferred and jointly submit this Rule 26(f) Joint Scheduling Report.

## I. NATURE OF THE CASE AND CONTENTIONS OF THE PARTIES

### A. Plaintiff's Statement

This *qui tam* action stems from Deutsche Bank's orchestration of a massive, ongoing "pay-to-play" securities fraud perpetrated on Los Angeles Fire & Police Pension ("LAFP"). At all relevant times, Deutsche Bank owned a controlling interest in a now-defunct private equity consulting firm called Aldus Equity Partners ("Aldus"). In this role, Deutsche Bank systematically defrauded LAFP by recommending that LAFP invest $355 million into various private equity funds not because those funds were wise investments for LAFP, but instead to enrich Deutsche Bank and its network of corrupt, politically-connected "placement agents."

Marcellus Taylor, a former Aldus partner and an original source of the allegations alleged in the Complaint, cooperated extensively with state and federal government agencies investigating "pay-to-play" securities fraud in New York and New Mexico. That cooperation was instrumental in any public disclosures that have taken place to date. As for the claims alleged in the Complaint, Deutsche Bank's role in the fraud perpetrated on LAFP has never before been publicly disclosed. Nor has any prior litigation been brought to hold Deutsche Bank accountable for the harm it has caused to LAFP.

Despite its continued claims of ignorance of the fraudulent scheme, Mr. Taylor has personal knowledge that Deutsche Bank actively participated in the fraud on LAFP, and worked closely with Aldus' corrupt founding partner to maximize profits for Deutsche Bank at the expense of LAFP even after Deutsche Bank learned (from Mr. Taylor) that that partner had accepted an illegal kickback

from one of Deutsche Bank's own placement agents. Mr. Taylor's personal knowledge is detailed in a Complaint that names the specific Deutsche Bank executives involved in the fraud, the specific fraudulent investments Deutsche Bank recommended to LAFP, and the amounts of damages caused by those investments.

### B. Defendant's Statement

This is the third lawsuit filed by Marcellus Taylor against Deutsche Bank, each with similar claims and based on the same underlying facts. (The other two have been dismissed by federal and state courts in Texas and New Mexico.) Taylor was a partner in the now defunct firm Aldus Equity Partners ("Aldus"), a private equity consulting firm that Los Angeles Fire & Police Pensions ("LAFP") hired to recommend investments for its private equity portfolio. Taylor alleges that one of his partners in the Aldus firm was corrupt and that he knew it but never brought that misconduct to the attention of his client LAFP at the time. He alleges now that Aldus breached its fiduciary duty to LAFP by recommending sub-par investment products that were allegedly chosen to enrich placement agents who were part of a corrupt arrangement with his former partner. He purports to bring this action in a representative capacity on behalf of LAFP (which has declined to intervene), but with the incentive that under the California False Claims Act (Cal. Gov. Code §§ 12650-56, the "CFCA"), he stands to make a bounty of up to 50% for himself if he is successful. Deutsche Bank was a minority investor in Aldus between 2007 and 2009, and Taylor seeks to hold Deutsche Bank liable for Aldus's alleged misconduct.

Taylor is not a whistleblower such as the CFCA was designed to reward. Since 2009, Aldus's possible involvement in pay-to-play practices has been the focal point of governmental investigations by the SEC, the FBI, the New York Attorney General, state authorities in New Mexico, and the LAFP itself. It has also

been the subject of much litigation, including a federal enforcement proceeding against Aldus by the SEC, a suit against Taylor himself (among others) by the New Mexico Educational Retirement Board, and additional claims brought by other private parties. Deutsche Bank's investment in Aldus was also well known and publicly disclosed, and numerous prior lawsuits over the last five years have sought (unsuccessfully) to hold Deutsche Bank responsible for Aldus's misconduct. This case follows on the heels of all of these well-publicized investigations and allegations, yet Taylor claims to have discovered the alleged fraud. As set forth in more detail in Deutsche Bank's motion to dismiss, Taylor's claims are precluded by the CFCA's public disclosure bar, the statute of limitations, and Taylor's failure to plead fraud with particularity.

On the merits, Deutsche Bank maintains that it was unaware of any misconduct by Aldus or any of its partners until the New York Attorney General was investigating the matter, and that it would never have bought a stake in Aldus (a transaction in which it lost its entire $28 million investment) if it had been aware of such facts.

## II.   MATTERS TO BE ADDRESSED UNDER RULE 26(f)

### A.   Timing and Form of Rule 26(a) Disclosures

#### 1.   Rule 26(a)(1) disclosures

The parties agree to exchange Rule 26(a)(1) initial disclosures by December 4, 2015.

### B.   Discovery and Pretrial Plan

Deutsche Bank has already moved twice to dismiss this case, and, particularly since all of Taylor's earlier cases against Deutsche Bank have also been dismissed, it does not believe that the parties should have to incur the sizable cost of discovery unless the case survives the threshold legal challenge to the sufficiency of Taylor's claims. Deutsche Bank's second motion to dismiss is fully

briefed and the Court has taken the motion under submission. Deutsche Bank proposes that discovery (other than Rule 26(a)(1) initial disclosures) should be stayed until the motion to dismiss is decided.

Taylor believes that party and non-party discovery should begin as soon as possible.

The parties agree that fact discovery should take 12 months from the date when it commences.

### D. Electronically Stored Information ("ESI")

The parties state that they have taken reasonable, good-faith steps to preserve potentially relevant ESI as required under the Federal Rules of Civil Procedure.

### E. Privilege and Protective Order

The parties plan to submit to the Court a stipulated protective order concerning treatment of confidential information.

### F. Additional Limitations on Discovery

The parties agree that no changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure and the Local Rules of the Central District of California.

## III. MATTERS TO BE ADDRESSED UNDER LOCAL RULE 26-1

### A. Complex Cases

The parties agree that this is not a complex case under Local Rule 26-1(a).

### B. Dispositive or Partially Dispositive Motions

The parties agree that summary judgment motions should be due 45 days after the close of discovery.

### C. ADR

The parties agree to proceed with ADR Procedure No. 3, under L.R. 16-15.4, by participating in a private dispute resolution proceeding within 9 months after the commencement of discovery.

### D. Trial Estimate

The parties estimate that trial will take 8 days.

### E. Additional Parties

Deutsche Bank does not intend to join any additional parties.

Taylor wishes to reserve the right to join additional parties (other than Deutsche Bank-affiliated persons and entities), and agrees that any motion seeking leave to join additional parties shall be filed no later than 3 months after the commencement of discovery. Deutsche Bank reserves the right to oppose any such motion.

### F. Expert Witnesses

The parties agree to exchange Rule 26(a)(2) disclosures 10 months after the commencement of discovery.

Respectfully submitted,

**CASWELL & CANNON**

By: */s/ Ronald S. Caswell*
Ronald S. Caswell (Cal. Bar No. 161113)
rscaswell@sbcglobal.net
1625 Warnall Avenue, Suite 100
Los Angeles, California 90024
Telephone: (310) 282-8150
Facsimile: (310) 282-8140

**COWLES AND THOMPSON PC**

Todd J Harlow (*admitted pro hac vice*)
901 Main Street, Suite 3900
Dallas, Texas 75202
Telephone: (214) 672-2138
Facsimile: (214) 672-2338
tharlow@cowlesthompson.com

*Attorneys for Plaintiff*

**GONZALEZ SAGGIO & HARLAN LLP**

By: *Cristina D. Hernandez*_____
Don A. Hernandez (Cal. Bar No. 125119)
Don_Hernandez@gshllp.com
Cristina D. Hernandez (Cal. Bar No. 283500)
Cristina_Hernandez@gshllp.com
2 North Lake Avenue, Suite 930
Pasadena, CA 91101
Telephone:  (626) 440-0022
Facsimile:   (626) 792-1718

**FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP**

Peter L. Simmons (admitted *pro hac vice*)
Samuel P. Groner (admitted *pro hac vice*)
One New York Plaza
New York, New York 10004-1980
Telephone:  (212) 859-8000
Facsimile:   (212) 859-4000
peter.simmons@friedfrank.com
samuel.groner@friedfrank.com

*Attorneys for Defendants*